Daniel Srourian, Esq. (CA Bar No. 285678)
**Srourian Law Firm, P.C.**
468 N. Camden Dr.
Suite 200
Beverly Hills, CA 90210
P: (213) 474-3800
F: (213) 471-4160
daniel@slfla.com

*Attorney for Plaintiff and Proposed Class*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**MICHAEL SILVA**, individually, and on behalf of all others similarly situated,

Plaintiff,

vs.

**APEX CLASS ACTION LLC** and **BROOKS INTEGRATED MARKETING, LLC D/B/A IMDATACENTER**

Defendants.

Case No. 8:25-cv-01908

**AMENDED CLASS ACTION COMPLAINT**

**1. Negligence**
**2. Negligence *per se***
**3. Breach of Third-Party Beneficiary Contract**
**4. Breach of Implied Contract**
**5. Invasion of Privacy**
**6. Breach of Fiduciary Duty**
**7. Violation of the California Unfair Competition Law**
**8. Violation of the California Consumer Records Act**
**9. Declaratory Judgement**

**DEMAND FOR JURY TRIAL**

Plaintiff Michael Silva ("Plaintiff"), on behalf of himself and all others similarly situated, alleges the following Amended Class Action Complaint (the "Action") against Defendants Apex Class Action LLC and Brooks Integrated Marketing, LLC d/b/a IMDataCenter[1] (collectively "Defendants") upon personal knowledge as to himself and his own actions, and upon information and belief, including the investigation of counsel as follows:

## I. INTRODUCTION

1. Plaintiff seeks monetary damages and injunctive and declaratory relief arising from Defendants failure to safeguard the Personally Identifiable Information[2] ("PII" or "Private Information") of Plaintiff and Class members, which resulted in unauthorized access to its information systems on or around July 14, 2025, and the compromised and unauthorized disclosure of that Private Information, causing widespread injury and damages to Plaintiff and the proposed (defined below) members.

---

[1] This Complaint is amended to reflect the proper defendant in this action based on information provided by Counsel for the formerly named defendant.

[2] The Federal Trade Commission ("FTC") defines "identifying information" as "any name or number that may be used, alone or in conjunction with any other information, to identify a specific person," including, among other things, "[n]ame, Social Security number, date of birth, official State or government issued driver's license or identification number, alien registration number, government passport number, employer or taxpayer identification number."17 C.F.R. § 248.201(b)(8). To be clear, according to Defendant, not every type of information included in that definition was compromised in the subject data breach.

2. Defendant, Apex Class Action LLC is a third party class action settlement administration firm[3].

3. Defendant Brooks Integrated Marketing, LLC d/b/a IMDataCenter is a third party data center vendor[4].

4. As explained in detail herein, Defendants detected unusual activity in their computer systems and ultimately determined that an unauthorized third party accessed their network and obtained certain files from their systems on or around July 14, 2025 ("Data Breach").[5]

5. As a result of the Data Breach, which Defendants failed to prevent, the Private Information of Plaintiff and the proposed Class members, was stolen, including their Social Security numbers.[6]

6. Defendants' investigation concluded that the Private Information compromised in the Data Breach included Plaintiff's and other Class Members information (together, "Clients").

7. Defendants' failure to safeguard Plaintiff and Class Members' highly sensitive Private Information as exposed and unauthorizedly disclosed in the Data

[3] https://apexclassaction.com/ (last accessed August 27, 2025)
[4] https://imdatacenter.com/ (last accessed September 30, 2025)
[5] Notice of Data Breach Letter attached hereto as **Exhibit A**.
[6] *Id*.

Breach violates their common law duties, California law, and Defendants' implied contract with Clients to safeguard their Private Information.

8. Plaintiff and Class members now face a lifetime risk of identity theft due to the nature of the information lost, which they cannot change, and which cannot be made private again.

9. Defendants' harmful conduct has injured Plaintiff and Class members in multiple ways, including: (i) the lost or diminished value of their Private Information; (ii) costs associated with the prevention, detection, and recovery from identity theft, tax fraud, and other unauthorized use of their data; (iii) lost opportunity costs to mitigate the Data Breach's consequences, including lost time; and (iv) emotional distress associated with the loss of control over their highly sensitive Private Information.

10. Defendants' failure to protect Plaintiff and Class Members' Private Information has harmed and will continue to harm thousands of Defendants' Clients, causing Plaintiff to seek relief on a class wide basis.

11. On behalf of himself and the Class preliminarily defined below, Plaintiff brings causes of action against Defendants for negligence, negligence *per se*, breach of third-party beneficiary contract, breach of implied contract, invasion of privacy, breach of fiduciary duty, violation of the California Unfair Competition Law, violation of the California Consumer Records Act, and unjust enrichment,

seeking an award of monetary damages and injunctive and declaratory relief, resulting from Defendant's failure to adequately protect their highly sensitive Private Information.

## II. JURISDICTION AND VENUE

12. The Court has subject matter jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2). The amount in controversy exceeds $5 million, exclusive of interest and costs. The number of class members is over 100, and at least one Class member is a citizen of a state that is diverse from Defendants' citizenship, including Plaintiff, a citizen of California. Thus, minimal diversity exists under 28 U.S.C. § 1332(d)(2)(A).

13. This Court has personal jurisdiction over Defendant, Apex Class Action LLC, because it has its principal place of business in California and does a significant amount of business in California.

14. This Court has personal jurisdiction over Defendant, Brooks Integrated Marketing, LLC d/b/a IMDataCenter because it transacts business within this state and makes or performs contracts within this state.

15. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(1) because Defendant Apex Class Action LLC has its principal place of business located in this District, upon information and belief its members are located in this

District, and a substantial part of the events giving rise to this action occurred in this District.

## III. PARTIES

16. Plaintiff is an individual citizen of California and learned of the breach after seeing receiving a Notice of Data Breach dated August 18, 2025..

17. Defendant Apex Class Action LLC is a limited liability company organized under the laws of California with its headquarters and principal place of business at 18 Technology Drive, Suite 154, Irvine, CA 92618.

18. Defendant Brooks Integrated Marketing, LLC d/b/a IMDataCenter is a limited liability company organized under the laws of Florida with its headquarters and principal place of business at 24575 Claire Street, Bonita Springs, Florida 34135.

## IV. FACTUAL ALLEGATIONS

19. At the time of the Data Breach Incident, Defendants maintained Plaintiff's and the Class members PII in its database and systems.

20. By obtaining, collecting, and storing Plaintiff's and Class members' PII, Defendants assumed legal and equitable duties and knew or should have known that it was responsible for protecting Plaintiff's and Class Members' PII from disclosure.

21. Plaintiff and Class members relied on Defendants to keep their PII confidential and securely maintained, to use this information for business purposes only, and to make only authorized disclosures of this information.

22. Defendants had a duty to adopt reasonable measures to protect Plaintiff's and Class members' PII from involuntary disclosure to third parties.

23. Prior to the Data Breach Incident, Defendants should have (i) encrypted or tokenized the sensitive PII of Plaintiff and the Class members, (ii) deleted such PII that it no longer had reason to maintain, (iii) eliminated the potential accessibility of the PII from the internet and its website where such accessibility was not justified, and (iv) otherwise reviewed and improved the security of its network system that contained the PII .

24. Prior to the Data Breach Incident, on information and belief, Defendants did not (i) encrypt or tokenize the sensitive PII of Plaintiff and the Class members, (ii) delete such PII that it no longer had reason to maintain, (iii) eliminate the potential accessibility of the PII from the internet and its website where such accessibility was not justified, and (iv) otherwise review and improve the security of its network system that contained the PII .

25. On approximately July 14, 2025, an intruder gained unauthorized access to Defendant's database.

26. On or about August 18, 2025, Defendants mailed Plaintiff and the Class members a form notice attempting to minimize the Data Breach Event, while admitting that sensitive PII had been compromised and stolen.

27. Contrary to the self-serving narrative in Defendants’ form notice, Plaintiff’s and Class members' unencrypted information may end up for sale on the dark web and/or fall into the hands of companies that will use the detailed PII for targeted marketing without the approval.

28. Defendants failed to use reasonable security procedures and practices appropriate to the nature of the sensitive, unencrypted information it was maintaining for Plaintiff and the Class members.

29. Plaintiff and the Class members have taken reasonable steps to maintain the confidentiality of their PII, relied on Defendants to keep their PII confidential and securely maintained, to use this information for business purposes only, and to make only authorized disclosures of this information.

30. Defendants could have prevented the Data Breach Incident by properly securing and encrypting Plaintiff’s and Class members' PII, or Defendants could have destroyed the data, especially old data from former inquiries and/or customers that Defendants had no legal right or responsibility to retain.

31. Defendants' negligence in safeguarding Plaintiff's and the Class members' PII is exacerbated by the repeated warnings and alerts directed to protecting and securing sensitive data, especially in the financial sector.

32. Despite the prevalence of public announcements and knowledge of data breach and data security compromises, Defendants failed to take appropriate steps to protect the PII of Plaintiff and the Class members from being compromised.

33. The ramifications of Defendants' failure to keep secure Plaintiff's and the Class members' PII are long lasting and severe. Once PII is stolen, particularly Social Security numbers, fraudulent use of that information and damage to victims may continue for years.

34. Social Security numbers, for example, are among the most sensitive kind of personal information to have stolen because they may be put to a variety of fraudulent uses and are difficult for an individual to change.

35. Even more problematic, it is no easy task to change or cancel a stolen Social Security number. An individual cannot obtain a new Social Security number without significant paperwork and evidence of actual misuse. In other words, preventive action to defend against the possibility of misuse of a Social Security number is not permitted; an individual must show evidence of actual, ongoing fraud activity to obtain a new number.

36. The PII of Plaintiff and the Class Members was stolen to engage in identity theft and/or to sell it to criminals who will purchase the PII for that purpose.

37. Moreover, there may be a time lag between when harm occurs versus when it is discovered, and also between when PII is stolen and when it is used.

38. At all relevant times, Defendants knew, or reasonably should have known, of the importance of safeguarding Plaintiff's and the Class members' PII, and of the foreseeable consequences that would occur if Defendants' data security system was breached, including, specifically, the significant costs that would be imposed on Plaintiff and the Class members as a result of a breach.

39. Plaintiff and Class members now face years of constant surveillance of their financial and personal records, monitoring, and loss of rights. Plaintiff and Class members are incurring and will continue to incur such damages in addition to any fraudulent use of their PII.

40. Defendants were, or should have been, fully aware of the unique type and the significant volume of data on Defendants' network, potentially amounting to millions of individuals' detailed and confidential personal information and thus, the significant number of individuals who would be harmed by the exposure of the unencrypted data.

41. The injuries to Plaintiff and the Class members were directly and proximately caused by Defendants' failure to implement or maintain adequate data security measures for the Plaintiff's and the Class members' PII.

42. Plaintiff has suffered and will continue to suffer a substantial risk of imminent identity, financial, and health fraud and theft; emotional anguish and distress resulting from the Data Breach Incident, including emotion stress and damages about the years of identity fraud Plaintiff faces; and increased time spent reviewing financial statements and credit reports to determine whether there has been fraudulent activity on any of his accounts.

43. Plaintiff has a continuing interest in ensuring that his PII, which, upon information and belief, remains backed up in Defendant's possession, is protected and safeguarded from future breaches.

## V. CLASS ACTION ALLEGATIONS

44. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(a), 23(b)(1), 23(b)(2), and 23(b)(3), on behalf of a class defined as:

> **Nationwide**: All individuals whose PII was accessed and/or acquired by an unauthorized party in the Data Breach, including all who were sent a notice of the Data Breach.
>
> **California Subclass**: All residents of California, Defendants have identified as being among those individuals impacted by the Data Breach, including all who were sent a notice of the Data Breach (the "Class")

45. Excluded from the Class are the following individuals and/or entities: Defendants and Defendants' parents, subsidiaries, affiliates, officers and directors, and any entity in which Defendants have a controlling interest; all individuals who make a timely election to be excluded from this proceeding using the correct protocol for opting out; and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

46. Plaintiff reserves the right to amend the definition of the Class or add a Class or Subclass if further information and discovery indicate that the definition of the Class should be narrowed, expanded, or otherwise modified.

47. **Numerosity**. The Class Members are so numerous that joinder of all members is impracticable. Upon information, thousands of individuals had their PII compromised in this Data Breach. The identities of Class Members are ascertainable through Defendants' records, Class Members' records, publication notice, self-identification, and other means.

48. **Commonality**. There are questions of law and fact common to the Class, which predominate over any questions affecting only individual Class Members. These common questions of law and fact include, without limitation:

a. Whether and to what extent Defendants had respective duties to protect the Private Information of Plaintiff and Class members;

b. Whether Defendants had respective duties not to disclose the Private Information of Plaintiff and Class members to unauthorized third parties;

c. Whether Defendants had respective duties not to use the Private Information of Plaintiff and Class members for non-business purposes;

d. Whether Defendants failed to adequately safeguard the Private Information of Plaintiff and Class members;

e. Whether Defendants failed to implement and maintain reasonable security procedures and practices appropriate to the nature and scope of the information compromised in the Data Breach;

f. Whether Defendants adequately addressed and fixed the vulnerabilities which permitted the Data Breach to occur;

g. Whether Plaintiff and Class members are entitled to actual damages, statutory damages, and/or nominal damages as a result of Defendants' wrongful conduct; and

h. Whether Plaintiff and Class members are entitled to injunctive relief to redress the imminent and currently ongoing harm faced as a result of the Data Breach.

49. **Typicality**. Plaintiff's claims are typical of those of other Class Members because Plaintiff's PII, like that of every other Class Member, was compromised in the Data Breach.

50. This class action is also appropriate for certification because Defendants acted or refused to act on grounds generally applicable to the Class, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members and making final injunctive relief appropriate with respect to the Class as a whole. Defendants' policies challenged herein apply to and affect Class members uniformly and Plaintiff's challenge of these policies hinges on Defendants' conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

51. **Adequacy of Representation**. Plaintiff will fairly and adequately represent and protect the interests of the Class Members. Plaintiff's Counsel is competent and experienced in litigating Class actions, including data privacy litigation of this kind.

52. **Predominance**. Defendants have engaged in a common course of conduct toward Plaintiff and Class Members, in that all the Plaintiff's and Class Members' data was stored on the same computer systems and unlawfully accessed in the same way. The common issues arising from Defendants' conduct affecting Class Members set out above predominate over any individualized issues.

Adjudication of these common issues in a single action has important and desirable advantages of judicial economy.

53. **Superiority**. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation. Absent a class action, most Class Members would likely find that the cost of litigating their individual claims is prohibitively high and would therefore have no effective remedy. The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members, which would establish incompatible standards of conduct for Defendants. In contrast, the conduct of this action as a class action presents far fewer management difficulties, conserves judicial resources and the parties' resources, and protects the rights of each Class Member.

54. Defendants have acted on grounds that apply generally to the Class as a whole, so that class certification, injunctive relief, and corresponding declaratory relief are appropriate on a class-wide basis.

55. Further, Defendants have acted on grounds that apply generally to the Class as a whole, so that class certification, injunctive relief, and corresponding declaratory relief are appropriate on a class-wide basis.

a. Whether Defendants owed a legal duty to Plaintiff and the Class to exercise due care in collecting, storing, and safeguarding their Private Information;

b. Whether Defendants' security measures to protect their data systems were reasonable in light of best practices recommended by data security experts;

c. Whether Defendants' failure to institute adequate protective security measures amounted to negligence;

d. Whether Defendants' failure to institute adequate protective security measures amounted to breach of an implied contract;

e. Whether Defendants failed to take commercially reasonable steps to safeguard consumer Private Information; and

f. Whether adherence to FTC data security recommendations, and measures recommended by data security experts would have reasonably prevented the Data Breach.

56. Finally, all members of the proposed Class are readily ascertainable. Defendants have access to Class Members' names and addresses affected by the Data Breach. Class Members have already been preliminarily identified and sent notice of the Data Breach by Defendants.

## VI. CAUSES OF ACTION

**COUNT I**
**NEGLIGENCE**
**(On behalf of Plaintiff and all Class Members)**

57. Plaintiff hereby repeats and realleges paragraphs 1 through 56 of this Complaint and incorporates them by reference herein.

58. Defendants owed respective duties under common law to Plaintiff and Class Members to exercise reasonable care in obtaining, retaining, securing, safeguarding, deleting, and protecting their Private Information in their possession from being compromised, lost, stolen, accessed, and misused by unauthorized persons.

59. Defendants' duties to use reasonable care arose from several sources, including but not limited to those described below.

60. Defendants had a common law duty to prevent foreseeable harm to others. This duty existed because Plaintiff and Class Members were the foreseeable and probable victims of any inadequate security practices on the part of Defendants. By collecting and storing Private Information that is routinely targeted by criminals for unauthorized access, Defendants were obligated to act with reasonable care to protect against these foreseeable threats.

61. Defendants' duty also arose from Defendants' position as an employment service provider. Defendants hold themselves out as trusted data collectors and thereby assumes a duty to reasonably protect their customers'

employees' information. Indeed, Defendants, as direct data collectors, were in a unique and superior position to protect against the harm suffered by Plaintiff and Class Members as a result of the Data Breach.

62. Defendants breached the duties owed to Plaintiff and Class Members and thus were negligent. Defendants breached these duties by, among other things: (a) mismanaging their systems and failing to identify reasonably foreseeable internal and external risks to the security, confidentiality, and integrity of customer information that resulted in the unauthorized access and compromise of PII; (b) mishandling their data security by failing to assess the sufficiency of the safeguards in place to control these risks; (c) failing to design and implement information safeguards to control these risks; (d) failing to adequately test and monitor the effectiveness of the safeguards' key controls, systems, and procedures; (e) failing to evaluate and adjust their information security program in light of the circumstances alleged herein; (f) failing to detect the breach at the time it began or within a reasonable time thereafter; and (g) failing to follow their own privacy policies and practices published to their clients.

63. But for Defendants' wrongful and negligent breach of their duties owed to Plaintiff and Class Members, their Private Information would not have been compromised.

64. As a direct and proximate result of Defendants' negligence, Plaintiff and Class Members have suffered injuries, including:

a. Theft of their Private Information;

b. Costs associated with the detection and prevention of identity theft and unauthorized use of the financial accounts;

c. Costs associated with purchasing credit monitoring and identity theft protection services;

d. Lowered credit scores resulting from credit inquiries following fraudulent activities;

e. Costs associated with time spent and the loss of productivity from taking time to address and attempt to ameliorate, mitigate, and deal with the actual and future consequences of the Defendant Data Breach – including finding fraudulent charges, cancelling and reissuing cards, enrolling in credit monitoring and identity theft protection services, freezing and unfreezing accounts, and imposing withdrawal and purchase limits on compromised accounts;

f. The imminent and certainly impending injury flowing from the increased risk of potential fraud and identity theft posed by their PII being placed in the hands of criminals;

g. Damages to and diminution in value of their Private Information entrusted, directly or indirectly, to Defendant with the mutual understanding that Defendant would safeguard Plaintiff's and Class Members' data against theft and not allow access and misuse of their data by others;

h. Continued risk of exposure to hackers and thieves of their Private Information, which remains in Defendant's possession and is subject to further breaches so long as Defendant fails to undertake appropriate and adequate measures to protect Plaintiff's and Class Members' data;

i. The erosion of the essential and confidential relationship between Defendant—as a employer services provider—and Plaintiff and Class members as customers; and

j. Loss of personal time spent carefully reviewing statements from financial accounts to check for unauthorized charges and/or access.

65. As a direct and proximate result of Defendants' negligence, Plaintiff and Class Members are entitled to damages, including compensatory, punitive, and nominal damages, in an amount to be proven at trial.

**<u>COUNT TWO</u>**
**NEGLIGENCE *PER SE***
**(On behalf of Plaintiff and all Class Members)**

66. Plaintiff hereby repeats and realleges paragraphs 1 through 56 of this Complaint and incorporates them by reference herein.

67. Pursuant to the Federal Trade Commission Act, 15 U.S.C. § 45, Defendants had respective duties to provide fair and adequate computer systems and data security practices to safeguard Plaintiff's and Class members' Private Information.

68. Defendants breached their duties to Plaintiff and Class members under the FTC Act by failing to provide fair, reasonable, or adequate computer systems and data security practices to safeguard Plaintiff's and Class members' Private Information.

69. Defendants' failure to comply with applicable laws and regulations constitutes negligence *per se.*

70. The injuries to Plaintiff and Class members resulting from the Data Breach were directly and indirectly caused by Defendants' violation of the statutes described herein.

71. Plaintiff and Class members were within the class of persons the Federal Trade Commission Act were intended to protect and the type of harm that resulted from the Data Breach was the type of harm these statues were intended to guard against.

72. But for Defendants' wrongful and negligent breach of their duties owed to Plaintiff and Class members, Plaintiff and Class members would not have been injured.

73. The injuries and harms suffered by Plaintiff and Class members were the reasonably foreseeable result of Defendants' breach of their duties. Defendants knew or should have known that they were failing to meet their duties and that Defendants' breach would cause Plaintiff and Class members to experience the foreseeable harms associated with the exposure of their Private Information.

74. As a direct and proximate result of Defendants' negligent conduct, Plaintiff and Class members have suffered injuries and are entitled to compensatory, consequential, and punitive damages in an amount to be proven at trial.

**COUNT THREE**
**BREACH OF THIRD-PARTY BENFICIARY CONTRACT**
**(On Behalf of Plaintiff and all Class Members)**

75. Plaintiff hereby repeats and realleges paragraphs 1 through 56 of this Complaint and incorporates them by reference herein.

76. Upon information and belief, Defendants entered into virtually identical contracts with their clients to provide software products and/or services, which included data security practices, procedures, and protocols sufficient to safeguard the Private Information that was to be entrusted to them.

77. Such contracts were made expressly for the benefit of Plaintiff and the Class, as it was their Private Information that Defendants agreed to receive and protect through their services. Thus, the benefit of collection and protection of the Private Information belonging to Plaintiff and the Class was the direct and primary objective of the contracting parties, and Plaintiff and Class Members were direct and express beneficiaries of such contracts.

78. Defendants knew that if they were to breach these contracts with their clients, Plaintiff and the Class would be harmed.

79. Defendants breached their contracts with their clients and, as a result, Plaintiff and Class Members were affected by this Data Breach when Defendants failed to use reasonable data security and/or business associate monitoring measures that could have prevented the Data Breach.

80. As foreseen, Plaintiff and the Class were harmed by Defendants' failure to use reasonable data security measures to securely store and protect the files in their care, including but not limited to, the continuous and substantial risk of harm through the loss of their Private Information.

81. Accordingly, Plaintiff and the Class are entitled to damages in an amount to be determined at trial, along with costs and attorneys' fees incurred in this action.

## **COUNT FOUR**
## **BREACH OF IMPLIED CONTRACT**

**(On behalf of Plaintiff and all Class Members)**

82. Plaintiff hereby repeats and realleges paragraphs 1 through 56 of this Complaint and incorporates them by reference herein.

83. Defendants offered to provide services to Clients, in exchange for payment.

84. Plaintiff and Class members were required to provide their Private Information to the Defendants to receive benefits.

85. In turn, Defendants impliedly promised to protect Plaintiff's and Class members' Private Information through adequate data security measures.

86. Plaintiff and Class members would not have otherwise entrusted their Private Information to Defendants.

87. Defendants materially breached their agreement(s) with its Clients by failing to safeguard such Private Information, violating industry standards necessarily incorporated in the agreement.

88. Plaintiff and Class members have performed under the relevant agreements, or such performance was waived by the conduct of Defendants.

89. The covenant of good faith and fair dealing is an element of every contract. All such contracts impose on each party a duty of good faith and fair dealing. The parties must act with honesty in fact in the conduct or transactions concerned. Good faith and fair dealing, in connection with executing contracts and

discharging performance and other duties according to their terms, means preserving the spirit—not merely the letter—of the bargain. Put differently, the parties to a contract are mutually obligated to comply with the substance of their contract along with its form.

90. Defendants' conduct as alleged herein also violated the implied covenant of good faith and fair dealing inherent in every contract.

91. The losses and damages Plaintiff and Class members sustained as described herein were the direct and proximate result of Defendants' breaches of the implied contracts with them, including breach of the implied covenant of good faith and fair dealing.

## COUNT FIVE
## Invasion of Privacy
## (On behalf of the Plaintiff and all Class Members)

92. Plaintiff repeats and re-alleges paragraphs 1 through 56 of this Complaint and incorporates them by reference herein.

93. Plaintiff and Class Members had a legitimate expectation of privacy regarding their PII and were accordingly entitled to the protection of this information against disclosure to unauthorized third parties.

94. Defendants owed respective duties to Plaintiff and Class Members to keep their PII confidential.

95. The unauthorized disclosure and/or acquisition (*i.e.*, theft) by a third party of Plaintiff's and Class Members' Personal Information is highly offensive to a reasonable person.

96. Defendants' reckless and negligent failure to protect Plaintiff's and Class Members' PII constitutes an intentional interference with Plaintiff's and the Class Members' interest in solitude or seclusion, either as to their person or as to their private affairs or concerns, of a kind that would be highly offensive to a reasonable person.

97. Defendants' failure to protect Plaintiff's and Class Members' PII acted with a knowing state of mind when it permitted the Data Breach because they knew their information security practices were inadequate.

98. Defendants knowingly did not notify Plaintiff and Class Members in a timely fashion about the Data Breach.

99. Because Defendants failed to properly safeguard Plaintiff's and Class Members' Personal Information, Defendants had notice and knew that their inadequate cybersecurity practices would cause injury to Plaintiff and the Class.

100. As a proximate result of Defendants' acts and omissions, the private and sensitive Personal Information of Plaintiff and the Class Members was stolen by a third party and is now available for disclosure and redisclosure without authorization, causing Plaintiff and the Class to suffer damages.

101. Defendants' wrongful conduct will continue to cause great and irreparable injury to Plaintiff and the Class since their Personal Information is still maintained by Defendants with their inadequate cybersecurity system and policies.

102. Plaintiff and Class Members have no adequate remedy at law for the injuries relating to Defendants' continued possession of their sensitive and confidential records. A judgment for monetary damages will not end Defendant's inability to safeguard the Personal Information of Plaintiff and the Class.

103. Plaintiff, on behalf of himself and Class Members, seeks injunctive relief to enjoin Defendant from further intruding into the privacy and confidentiality of Plaintiff's and Class Members' Personal Information.

104. Plaintiff, on behalf of himself and Class Members, seeks compensatory damages for Defendants' invasion of privacy, which includes the value of the privacy interest invaded by Defendants, the costs of future monitoring of their credit history for identity theft and fraud, plus prejudgment interest, and costs.

**COUNT SIX**
**BREACH OF FIDUCIARY DUTY**
**(On behalf of Plaintiff and all Class Members)**

105. Plaintiff hereby repeats and realleges paragraphs 1 through 56 of this Complaint and incorporates them by reference herein.

106. Plaintiff and the other Class members gave Defendants their Personal Information believing that Defendants would protect that information. Plaintiff and

the other Class members would not have provided Defendants with this information had they known it would not be adequately protected. Defendants' acceptance and storage of Plaintiff's and the other Class members' Personal Information created a fiduciary relationship between Defendants on the one hand, and Plaintiff and the other Class members, on the other hand. In light of this relationship, Defendants must act primarily for the benefit of their clients, which includes safeguarding and protecting Plaintiff's and the other Class members' Personal Information.

107. Due to the nature of the relationship between Defendants and Plaintiff and the other Class members, Plaintiff and the other Class members were entirely reliant upon Defendants to ensure that their Personal Information was adequately protected. Plaintiff and the other Class members had no way of verifying or influencing the nature and extent of Defendants or their vendors' data security policies and practices, and Defendants were in an exclusive position to guard against the Data Breach.

108. Defendants have respective fiduciary duties to act for the benefit of Plaintiff and the other Class members upon matters within the scope of their relationship. They breached that duty by contracting with companies that failed to properly protect the integrity of the systems containing Plaintiff's and the other Class members' Personal Information, failing to properly protect the integrity of their systems containing Plaintiff's and the other Class members' Personal Information,

failing to comply with the data security guidelines set forth by the FTC Act, and otherwise failing to safeguard Plaintiff's and the other Class members' Personal Information that they collected.

109. As a direct and proximate result of Defendants breach of their fiduciary duties, Plaintiff and the other Class members have suffered and will suffer injury, including, but not limited to: (i) a substantial increase in the likelihood of identity theft; (ii) the compromise, publication, and theft of their Personal Information; (iii) out-of-pocket expenses associated with the prevention, detection, and recovery from unauthorized use of their Personal Information; (iv) lost opportunity costs associated with effort attempting to mitigate the actual and future consequences of the Data Breach; (v) the continued risk to their Personal Information which remains in Defendants' possession; (vi) future costs in terms of time, effort, and money that will be required to prevent, detect, and repair the impact of the Personal Information compromised as a result of the Data breach; (vii) loss of potential value of their Personal Information; (viii) overpayment for the services that were received without adequate data security.

**<u>COUNT SEVEN</u>**
**Violation of the California Unfair Competition Law**
**[Cal. Bus. & Prof. Code § 17200, et seq. – Unlawful Business Practices]**
**(On Behalf of Plaintiff and the California Subclass)**

110. Plaintiff repeats and re-alleges paragraphs 1 through 56 of this Complaint and incorporates them by reference herein.

111. Defendants violated Cal. Bus. and Prof. Code § 17200, et seq., by engaging in unlawful, unfair or fraudulent business acts and practices and unfair, deceptive, untrue or misleading advertising that constitute acts of "unfair competition" as defined in Cal. Bus. Prof. Code § 17200 with respect to the services provided to the Class.

112. Defendants engaged in unlawful acts and practices with respect to the services by establishing the sub-standard security practices and procedures described herein; by soliciting and collecting Plaintiff's and Class Members' PII with knowledge that the information would not be adequately protected; and by storing Plaintiff's and Class Members' Personal Information in an unsecure electronic environment in violation of California's data breach statute, Cal. Civ. Code § 1798.81.5, which requires Defendants to take reasonable methods for safeguarding the PII of Plaintiff and the Class Members.

113. In addition, Defendants engaged in unlawful acts and practices by failing to disclose the Data Breach in a timely and accurate manner, contrary to the duties imposed by Cal. Civ. Code § 1798.82.

114. As a direct and proximate result of Defendants' unlawful practices and acts, Plaintiff and Class Members were injured and lost money or property, including but not limited to the price received by Defendants for the products and services, the loss of Plaintiff's and Class Members' legally protected interest in the confidentiality

and privacy of their Personal Information, nominal damages, and additional losses as described herein.

115. Defendants knew or should have known that their computer systems and data security practices were inadequate to safeguard Plaintiff's and Class Members' PII and that the risk of a data breach or theft was highly likely. Defendants' actions in engaging in the above-named unlawful practices and acts were negligent, knowing and willful, and/or wanton and reckless with respect to the rights of Plaintiff and Class Members.

116. Plaintiff, on behalf of the Class, seeks relief under Cal. Bus. & Prof. Code § 17200, et seq., including, but not limited to, restitution to Plaintiff and Class Members of money or property that Defendants may have acquired by means of their unlawful, and unfair business practices, disgorgement of all profits accruing to Defendants because of their unlawful and unfair business practices, declaratory relief, attorneys' fees and costs (pursuant to Cal. Code Civ. Proc. § 1021.5), and injunctive or other equitable relief.

## COUNT EIGHT
**Violations of the California Consumer Records Act**
**Cal. Civ. Code § 1798.80, *et seq*.**
**(On Behalf of Plaintiff and the California Subclass)**

117. Plaintiff repeats and re-alleges paragraphs 1 through 55 of this Complaint and incorporates them by reference herein.

118. Under the California Consumer Records Act, any "person or business that conducts business in California, and that owns or licenses computerized data that includes personal information" must "disclose any breach of the system following discovery or notification of the breach in the security of the data to any resident of California whose unencrypted personal information was, or is reasonably believes to have been, acquired by an unauthorized person." Cal. Civ. Code § 1798.82. The disclosure must "be made in the most expedient time possible and without unreasonable delay" but disclosure must occur "immediately following discovery [of the breach], if the personal information was, or is reasonable believes to have been, acquired by an unauthorized person." *Id.* (emphasis added).

119. The Data Breach constitutes a "breach of the security system" of Defendants.

120. An unauthorized person acquired the personal, unencrypted information of Plaintiff and the Class.

121. Defendants knew that an unauthorized person had acquired the personal, unencrypted information of Plaintiff and the Class but waited approximately four months to notify them. Given the severity of the Data Breach, this is an unreasonable delay.

122. Defendants' unreasonable delay prevented Plaintiff and the Class from taking appropriate measures from protecting themselves against harm.

123. Because Plaintiff and the Class were unable to protect themselves, they suffered incrementally increased damages that they would not have suffered with timelier notice.

124. Plaintiff and the class are entitled to equitable relief and damages in an amount to be determined at trial.

**COUNT NINE**
**UNJUST ENRICHMENT**
**(On behalf of Plaintiff and all Class Members)**

125. Plaintiff hereby repeats and realleges paragraphs 1 through 55 of this Complaint and incorporates them by reference herein.

126. Plaintiff brings this claim in the alternative to his breach of third-party beneficiary contract claim above.

127. Plaintiff and Class Members conferred a monetary benefit on Defendants. Specifically, they provided Defendants with their Private Information. In exchange, Defendants should have provided adequate data security for Plaintiff's and Class Members'.

128. Defendants knew that Plaintiff and Class Members conferred a benefit on them in the form their Private Information as a necessary part of the employment related services with Defendants' clients. Defendants appreciated and accepted that benefit. Defendants profited from these transactions and used the Private Information of Plaintiff and Class Members for business purposes.

129. Upon information and belief, Defendants funds their data security measures entirely from their general revenue, including payments on behalf of or for the benefit of Plaintiff and Class Members.

130. As such, a portion of the payments made for the benefit of or on behalf of Plaintiff and Class Members is to be used to provide a reasonable level of data security, and the amount of the portion of each payment made that is allocated to data security is known to Defendants.

131. Defendants, however, failed to secure Plaintiff's and Class Members' Private Information and, therefore, did not provide adequate data security in return for the benefit Plaintiff and Class Members provided.

132. Defendants would not be able to carry out an essential function of their regular business without the Private Information of Plaintiff and Class Members and derived revenue by using it for business purposes. Plaintiff and Class Members expected that Defendants or anyone in Defendants' position would use a portion of that revenue to fund adequate data security practices.

133. Defendants acquired the Private Information through inequitable means in that they failed to disclose the inadequate security practices previously alleged.

134. If Plaintiff and Class Members knew that Defendants had not reasonably secured their Private Information, they would not have allowed their Private Information to be provided to Defendants.

135. Defendants enriched themselves by saving the costs they reasonably should have expended on data security measures to secure Plaintiff's and Class Members' Personal Information. Instead of providing a reasonable level of security that would have prevented the hacking incident, Defendants instead calculated to increase their own profit at the expense of Plaintiff and Class Members by utilizing cheaper, ineffective security measures and diverting those funds to their own profit. Plaintiff and Class Members, on the other hand, suffered as a direct and proximate result of Defendants' decisions to prioritize their own profits over the requisite security and the safety of their Private Information.

136. Under the principles of equity and good conscience, Defendants should not be permitted to retain the money wrongfully obtained Plaintiff and Class Members, because Defendants failed to implement appropriate data management and security measures that are mandated by industry standards.

137. Plaintiff and Class Members have no adequate remedy at law.

138. As a direct and proximate result of Defendants' conduct, Plaintiff and Class Members have suffered and will suffer injury, including but not limited to: (i) invasion of privacy; (ii) theft of their Private Information; (iii) lost or diminished value of Private Information; (iv) lost time and opportunity costs associated with attempting to mitigate the actual consequences of the Data Breach; (v) loss of benefit of the bargain; (vi) lost opportunity costs associated with attempting to mitigate the

actual consequences of the Data Breach; (vii) experiencing an increase in spam calls, texts, and/or emails; (viii) statutory damages; (ix) nominal damages; and (x) the continued and certainly increased risk to their Private Information, which: (a) remains unencrypted and available for unauthorized third parties to access and abuse; and (b) remains backed up in Defendants' possession and is subject to further unauthorized disclosures so long as Defendants fail to undertake appropriate and adequate measures to protect the Private Information.

139. As a direct and proximate result of Defendants' conduct, Plaintiff and Class Members have suffered and will continue to suffer other forms of injury and/or harm.

140. Defendants should be compelled to disgorge into a common fund or constructive trust, for the benefit of Plaintiff and Class Members, proceeds that they unjustly received from them. In the alternative, Defendants should be compelled to refund the amounts that Plaintiff and Class Members overpaid for Defendants' services.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and Class members, requests judgment against Defendants and that the Court grants the following:

A. For an order certifying the Class and Subclass, as defined herein, and appointing Plaintiff and his Counsel to represent the Class;

B. For equitable relief enjoining Defendants from engaging in the wrongful conduct complained of herein pertaining to the misuse and/or disclosure of the Private Information of Plaintiff and Class members, and from refusing to issue prompt, complete, any accurate disclosures to Plaintiff and Class members;

C. For injunctive relief requested by Plaintiff, including but not limited to, injunctive and other equitable relief as is necessary to protect the interests of Plaintiff and Class members, including but not limited to an order:

i. prohibiting Defendants from engaging in the wrongful and unlawful acts described herein;

ii. requiring Defendants to protect, including through encryption, all data collected through the course of business in accordance with all applicable regulations, industry standards, and federal, state, or local laws.

iii. requiring Defendants to delete, destroy, and purge the Private Information of Plaintiff and Class members unless Defendants can provide to the Court reasonable justification for the retention and use of such information when weighed against the privacy interests of Plaintiff and Class members;

iv. requiring Defendants to implement and maintain a comprehensive information security program designed to protect the confidentiality and integrity of the Private Information of Plaintiff and Class members;

v. prohibiting Defendants from maintaining the Private Information of Plaintiff and Class members on a cloud-based database;

vi. requiring Defendants to engage independent third-party security auditors/penetration testers as well as internal security personnel to conduct testing, including simulated attacks, penetration tests, and audits on Defendants' systems on a periodic basis, and ordering Defendants to promptly correct any problems or issues detected by such third-party security auditors;

vii. requiring Defendants to engage independent third-party security auditors and internal personnel to run automated security monitoring;

viii. requiring Defendants to audit, test, and train their security personnel regarding any new or modified procedures;

ix. requiring Defendants to segment data by, among other things, creating firewalls and access controls so that if one area of Defendants' network is compromised, hackers cannot gain access to other portions of Defendants' systems;

x. requiring Defendants to conduct regular database scanning and security checks;

xiv. requiring Defendants to implement, maintain, regularly review, and revise as necessary a threat management program designed to appropriately monitor Defendants' information networks for threats, both internal and external, and assess whether monitoring tools are appropriately configured, tested, and updated;

xv. requiring Defendants to meaningfully educate all Class members about the threats that they face as a result of the loss of their confidential Private Information to third parties, as well as the steps affected individuals must take to protect themselves; and

xvi. requiring Defendants to implement logging and monitoring programs sufficient to track traffic to and from Defendants' servers; and for a period of 10 years, appointing a qualified and

independent third-party assessor to conduct an attestation on an annual basis to evaluate Defendants' compliance with the terms of the Court's final judgment, to provide such report to the Court and to counsel for the class, and to report any deficiencies with compliance of the Court's final judgment.

D. For an award of damages, including actual, statutory, nominal, and consequential damages, as allowed by law in an amount to be determined by a jury at trial;

E. For an award of attorneys' fees, costs, and litigation expenses, as allowed by law;

F. For prejudgment interest on all amounts awarded; and

G. Such other and further relief as this Court may deem just and proper.

**JURY TRIAL DEMAND**

Plaintiff hereby demands a trial by jury.

Dated: October 1, 2025 Respectfully Submitted,

By: *<u>/s/ Daniel Srourian</u>*
Daniel Srourian, Esq. (CA Bar No. 285678)
**Srourian Law Firm, P.C.**
468 N. Camden Dr.
Suite 200
Beverly Hills, CA 90210

*Attorney for Plaintiff and Proposed Class*